THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Respondent, *v.* QUEENS COUNTY WATER COMPANY, Appellant.

Second Department, June 3, 1921.

Mandamus — application by city of New York for peremptory mandamus to compel extension of water system for fire protection — writ denied where city's liability for compensation doubtful — alternative writ directed.

An application by the city of New York for a peremptory writ of mandamus to compel the defendant to install certain fire hydrants and to extend its line in compliance with executive orders of the municipal commissioner of water supply was improperly granted, since under the terms of the Greater New York charter, the power of the commissioner alone to contract and the obligation to pay for the new structural additions are in doubt, and, therefore, an alternative writ should have been directed.

MILLS, J., dissents.

APPEAL by the defendant, the Queens County Water Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 3d day of December, 1920, granting relator's application for the issuance of a peremptory writ of mandamus to compel the Queens County Water Company to install forthwith at its own expense twenty-three new fire hydrants (also a new six-inch main in Bay Seventeenth street, for a distance of 100 feet) in the fifth ward of the borough of Queens (Rockaway Peninsula) in and along such public streets, mentioned in said order.

*Henry deForest Baldwin,* for the appellant.

*Elliot S. Benedict* [*John P. O'Brien, Corporation Counsel, John F. O'Brien* and *Robert J. Culhane* with him on the brief], for the respondent.

PER CURIAM:

Considering the peculiar situation of the parties, the majority of the court are of the view that a peremptory writ should not at first be issued. A serious difficulty has arisen as to compensation. Therefore, before the respondent should be coerced into obedience of these " executive orders " of the

municipal commissioner of water supply, defendant should have a hearing regarding such " executive orders," and how far they commit the city for compensation for such new hydrants, and for the additional outlays involved in such a water supply for fire extinguishing purposes. Where liability for compensation is plain, so that the service may be fairly recompensed, such a peremptory writ may be a proper remedy of the municipality. But under the terms of the charter of Greater New York, the power of the commissioner alone to contract, and the obligation to pay for the new structural additions, appear in doubt. Accordingly, instead of a peremptory writ, an alternative writ of mandamus will be directed.

BLACKMAR, P. J., PUTNAM, KELLY and JAYCOX, JJ., concur; MILLS, J., votes to affirm upon the ground that the company has ample remedy under the statute, and a just public policy requires that the execution of the order shall not await the determination of the question of the fairness of the rate.

Order modified so as to direct an alternative writ of mandamus. Settle order on notice.